

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPHINE S. LOVOI                             CIVIL ACTION

versus                                         No. 00-161

APPLE ONE EMPLOYMENT SERVICES                  SECTION: E/4

## RULING ON MOTION

Plaintiff Josephine S. Lovoi ("Ms. Lovoi"), appearing *pro se*, filed the complaint in this action against defendant Apple One Employment Services ("Apple One"), contending that she was denied employment based upon her age. She alleged in her complaint that her action arose under the Constitution, the Age Discrimination in Employment Act, and LSA-R.S. 12:104, 23:103, 23:113, and 46:2254. Defendant Apple One filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure or, alternatively, a motion for more definite statement under F.R.Civ.P. 12(e). Plaintiff filed an objection to defendant's motion to dismiss.

Plaintiff alleges in her complaint that defendant Apple One denied her employment because of her age and that it routinely limits its hiring of persons to individuals under the age of 40. She alleges that the Apple One account executives mislead individuals over 40 years of age to believe

1

DATE OF ENTRY
MAY 0 5 2000

Fee____
Process____
X /Dktd____
✓ CtRmDep____
Doc.No.____

that they are under consideration for temporary and full time employment, but that persons over the age of 40 are not considered for employment. She asserts causes of action under the civil rights laws, the age discrimination laws, and the laws of the state of Louisiana and contends that she reported the matter to the EEOC, but that Apple One refused to participate in a mediation.

Defendant Apple One seeks a Rule 12(b)(6) dismissal of plaintiff's claims under the Age Discrimination in Employment Act (ADEA) because plaintiff has failed to make the necessary allegations, i.e., that she was within the protected class, that an adverse employment action was taken against her, and that the adverse employment action was motivated by unlawful age discrimination. *See*, Ross v. University of Texas, 139 F.3d 521, 525 (5th Cir. 1998). Giving the plaintiff's complaint a liberal construction, as required of all *pro se* pleadings, the plaintiff has stated a claim under the ADEA. She asserts by implication that she is over 40, that Apple One only hires individuals under the age of 40, that she applied for employment, but was not considered because of her age. While defendants are entitled to discovery to learn of specific dates, times, and circumstances, this ADEA claim is not subject to dismissal under Rule 12(b)(6).

Plaintiff will have to amend her complaint to state with specificity when she filed a complaint with the EEOC, the results of the proceeding, and whether or not, and when she was issued a Right to Sue letter. Defendants are entitled to this information.

Plaintiff also contends that she has a claim arising under LSA-R.S. 12:104. This is a section of the Louisiana business corporation law which requires that corporations maintain a

registered office and a registered agent for service of process. On the face of the pleadings, it does not appear that plaintiff, who does not allege that she is a shareholder of the corporation, has a cause of action against defendant arising under this statute. The Rule 12(b)(6) motion as to this claim shall be granted.

Plaintiff also alleges that she has a cause of action against the defendant arising under LSA-R.S. 23:103 and 23:113. Section 103 establishes the Louisiana Private Employment Service Advisory Council and § 113 provides that a person who acts as an employment service without a license shall be guilty of a misdemeanor punishable by a fine between $ 50.00 and $ 500.00 and/or six months imprisonment. There is no private right of action created by this statute as §115 provides that the Assistant Secretary for Regulatory Services may enforce the action.

Finally, plaintiff asserts that she has a cause of action against defendants under LSA-R.S. 46:2254. That statute provides that programs or activities receiving financial assistance from the state or any of its political subdivisions may not discriminate on the basis of a handicap in educational facilities or real estate transactions. The complaint contains no allegations whatsoever about discrimination on the basis of a handicap, and thus the motion to dismiss the allegations arising under this statute shall be granted.

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of Apple One Employment Services to dismiss the plaintiff's complaint under Rule 12(b)(6) be and is hereby **DENIED** as to plaintiff's claims under

the ADEA and **GRANTED** as to plaintiff's claims under LSA-R.S. 12:104, under LSA-R.S. 23:103 and 23:113 and under LSA-R.S. 46:2254.

**IT IS FURTHER ORDERED** that the motion of defendant Apple One for more definite statement be and is hereby **GRANTED**, as follows. Plaintiff is directed to file an amended complaint setting in forth in detail whether or not she is in the protected class, i.e., over 40, the dates upon which she applied for employment to Apple One, the factual basis for her allegation that Apple One does not give consideration to persons over 40 for employment, the dates she was rejected for employment, the date when she filed an EEOC complaint, the outcome of the complaint, and the date upon which she received a right to sue letter from the EEOC. Plaintiff is also directed to attach a copy of the right to sue letter to the amended complaint. Plaintiff is directed to file the amended complaint on or before **May 30, 2000**.

New Orleans, Louisiana, May __4__, 2000.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge

4