

FILED
U.S. DISTRICT COURT

2000 JUN 23 ᴾ 1: 36

LORETTA G. WHYTE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

JOSEPHINE S. LOVOI                                   CIVIL ACTION

versus                                               No.  00-0161

APPLE ONE EMPLOYMENT SERVICES                        SECTION: E/4

### RULING ON MOTION

Defendant Apple One Employment Services ("Apple One") has filed its Second Motion to Dismiss pursuant to Rule 12(b)(6), or in the alternative, Motion for More Definite Statement pursuant to Rule 12(e).  The Court has previously denied a motion under Rule 12(b)(6) to dismiss the claims brought under the ADEA, granted the motion to dismiss the claims brought under LSA-R.S. 12:104, 23:103, 23:113, and 46:2254, and ordered the plaintiff to file an amended complaint.  Plaintiff has filed an amended complaint, and defendant again seeks its dismissal or a more definite statement.

Defendant suggests that the amended complaint is legally

1



DATE OF ENTRY

JUN 2 3 2000

deficient for the following reasons.  First, defendant claims that the complaint does not give the dates of employment or attempted employment with Apple One.  A perusal of the statement plaintiff filed with the EEOC, which is attached to the instant amended complaint as Exhibit "A" stated that she went to the Metairie Office of Apple One on February 17, 1999 to have her records transferred from the California Office, and that she learned on September 28, 1999 that her name would not be placed on the temp list.  Thus, defendant is incorrect in its motion in this regard.

Next, defendant argues that there are no facts which establish an employer-employee relationship.  It is plain from reading the amended complaints and attachments that plaintiff *applied* for employment in the Metairie office and was denied employment and that she worked for an Apple One Employment Service located in California some years ago.  Defendant is incorrect in this assertion.

Apple One contends that it cannot discern whether plaintiff was in a protected class.  On the first page of the amended complaint, plaintiff alleges that she "is in a protected class,

over the age of 40 years.  In fact the plaintiff will soon celebrate her 50th birthday on June 5, 2000.  The plaintiff was born on June 5, 1950.  She is protected under the ADEA."  Obviously, the defendant's assertion is incorrect.

Defendant contends that plaintiff does not state whether she was qualified for the position she sought.  This is not fatal to her complaint and is an issue that can be fleshed out in discovery.  Defendant has already propounded a detailed set of interrogatories to the plaintiff.

The next bases for dismissal urged by defendant is that plaintiff did not state that she was not hired due to her protected status and that others similarly situated who were not in the protected class were.  Plaintiff alleged that she was not hired because she was over 40 and that the defendant, as a routine, does not hire persons who are over 40, which by implication means that it does hire persons or find positions for persons under 40.

Defendant also complains that plaintiff did not set forth information substantiating the defendant's alleged age discrimination against her.  Defendant can obtain this information

3

through discovery, having already begun this process.

Plaintiff again attempted to reurge a cause of action under LSA-R.S. 12:104, which was dismissed under Rule 12(b)(6). That ruling still stands and the amended complaint does not revive it.

Ms. Lovoi is a *pro se* litigant and her pleadings are to be liberally construed. <u>Barksdale v. King</u>, 699 F.2d 744, 746 (5th Cir. 1983). *Pro se* complaints are held to less stringent standards that formal pleadings drafted by lawyers. <u>Miller v. Stanmore</u>, 636 F.2d 986, 988 (5th Cir. 1981). A *pro se* plaintiff's complaint is to be dismissed pursuant to a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. <u>Barksdale</u>, 699 F.2d at 746. Plaintiff has stated a claim under the ADEA. She will have to furnish evidence, more than simply her supposition or belief that age discrimination was the reason she was not referred for employment, that will support her claim that the defendant violated the Age Discrimination in Employment Act, in order to survive a summary judgment motion. At this juncture, however, her amended *pro se* complaint, when read in

4

conjunction with her EEOC statement, states an ADEA claim sufficiently to avoid dismissal under Rule 12(b)(6).

Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the second motion of defendant Apple One Employment Services to dismiss the complaint pursuant to Rule 12(b)(6), or in the alternative, motion for more definite statement pursuant to Rule 12(e) be and is hereby **DENIED**.

New Orleans, Louisiana, June ___23___, 2000.


_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge