FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JUL 12 PM 1:50

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPHINE S. LOVOI            CIVIL ACTION

versus            No. 00-0161

APPLE ONE EMPLOYMENT SERVICES            SECTION: E/4

### RULING ON MOTION

Plaintiff Josephine S. Lovoi ("Lovoi"), proceeding *pro se*, has filed a motion to stay her employment discrimination suit because she alleges that she is a United States witness in a federal court case, <u>United States v. Edwin Edwards</u>, where the facts are still under investigation and are in question, and that she is unable to answer any questions defendants have asked of her. Defendant Apple One Employment Services ("Apple One") opposes the motion.

In this suit, plaintiff alleges that she applied to defendant Apple One for employment and was rejected because of her age. She suggests that she is over 40 years old and that Apple One does not

1

DATE OF ENTRY
JUL 1 2 2000

Fee
Process
X Dktd
CtRmDep
Doc.No.

hire anyone who is over the age of 40. Defendant Apple One propounded Interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and also sent her Requests for Production under the Federal Rules. In the Interrogatories, defendant asks the plaintiff certain basic information, such as her name, address, telephone number, date of birth, occupation, to identify any statements given in conjunction with *this* Complaint, to identify all witnesses she expects to call in conjunction with the allegations of *this* complaint, to state with particularity the factual basis of *this* complaint, to list her work history and education and her application history for jobs, inasmuch as this is an employment discrimination suit and plaintiff must establish that she is qualified for the position for which she sought, her past and present income, as plaintiff may seek lost wages, whether she sought any medical treatment as a result of the allegations in *this* Complaint, and the particulars concerning that, any items of damages claimed in *this* case, as well as other information concerning other lawsuits or claims she has brought and other medical treatment which might bear on the allegations of this case.

The Requests for Production seek documents relating to plaintiff's availability for work, work applications, income, complaints of discrimination, exhibits to be used at trial, damage claims, and other employment related information.

Plaintiff represents to this Court that she "is unable to respond to the interrogatories that the legal counsel is requesting of this plaintiff. In order to do so the plaintiff would have to have the U.S. Prosecuting Attorneys and the Defendants and FBI in the other case be present. Allegedly, information that would be given to this defendants legal counsel could intefer [sic] with the other case." Plaintiff's First Supplemental Memorandum , June 22, 2000, p. 1.

Defendant objects to the stay because it has been sued and wants to bring the matter to trial in a timely fashion. The Court recognizes that a speedy conclusion to litigation is in the best interests of the litigants and the public.

The Court has carefully considered the plaintiff's allegation that she cannot respond to the defendant's interrogatories and requests for production because of her involvement in the United

States v. Edwards investigation.  The Court is also well aware that the matter was tried over the course of several months by United States Attorneys in this Eastern District of Louisiana, and investigated by F.B.I. agents in this district.  Plaintiff has not furnished even a scintilla of evidence to support her allegations that she is or was a witness in that trial and that federal prosecutors and law enforcement officers do not want her to furnish the information requested by the defendants in this case.  If indeed she was a witness in that case, her status as a witness at this point in time could be easily documented, because the trial has been concluded.

Further, it is difficult to understand how answering the questions defendant has asked of plaintiff would and even could impact on the case of United States v. Edwin Edwards.  Plaintiff has filed a lawsuit concerning her application for employment with Apple One and most of the information requested relates to that claim.  The connection between this civil employment discrimination litigation against an employment agency and that federal criminal prosecution concerning casino licenses is not readily discernible.

4

Without proof of a legitimate connection, the Court cannot force this defendant not to go forward with discovery in this action when plaintiff has chosen to sue it in this federal court. While plaintiff has a right to file suit when she in good faith believes the defendant has violated a federal or state law, the defendant has every right to defend itself and to require plaintiff to prove her allegations in a timely manner.

Upon considering the entire matter, the Court finds that while plaintiff may sincerely believe she cannot answer the questions, she has simply failed to establish a factually sufficient or legally recognizable basis upon which to stay this action. Accordingly, for the above and foregoing reasons,

**IT IS ORDERED** that the motion of plaintiff Josephine Lovoi to stay this action be and is hereby **DENIED**.

New Orleans, Louisiana, July ___12___, 2000.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge