UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPHINE S. LOVOI<br>    PLAINTIFF | CIVIL ACTION |
| VS. | CASE NO. 00-161 |
| APPLE ONE EMPLOYMENT SERVICES<br>    DEFENDANT | SECTION "E" 4 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

MOTION AND MEMORANDUM FOR LEAVE TO FILE
SUPPLEMENTAL EVIDENCE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT COMES Josephine S. Lovoi, plaintiff in pro se who is filing a Motion and Memorandum to add supplemental evidence into this case.

On September 15, 2000, Mr. J. Dougals Sunseri deposed the plaintiff. During the desposition he presented evidence that further expanded on the fact that this plaintiff is being further discriminated against.

Mr. Sunseri handed the plaintiff an APPLE ONE EMPLOYMENT SERVICES brochure, which is used as a Marketing Tool and Advertisement for the defendants company. See Exhibit "A."

Mr. Sunseri rquested in the deposition that the plaintiff identify the brochure and explain what she believe that it was. The plaintiff responded that it was a brochure directed to those who are in retirement years and directed to those 65 years and older. It is understood that those who are collecting Social Security can still work.

This matter does not apply to this plaintiff at all. The plaintiff is 50 years old and has way to go before retirement years and she now believes that the law for her retirement

DATE OF ENTRY
OCT 17 2000

\_\_\_Fee_____
\_\_\_Process\_\_\_
X\_Dktd\_\_\_\_
X\_CtRmDep\_\_
\_\_\_Doc.No.\_\_\_

-2-

means that she will have to wait until 67 years old. The retirement laws have changed.

The brochure specifically depicts older individuals, seniors, retirees.

Under the Age Discrimination in Employment Act Sub Section 6.17, the defendant, Apple One Employment Services VIOLATED the law and further discriminated against the plaintiff. Sub Section 6.17 states:

ADVERTISMENTS

Similar to Title VII, Sub Section 4 (e) of the ADEA makes it unlawful for an employer, union, or EMPLOYMENT AGENCY "to print or publish, or cause to be printed or published, any notice or advertisement relating to preference, limitation, specification, or discrimination based on age." As with Title VII, this prohibition covers only the actions of entities covered by the Act. Presumably, therefore, it would not cover the news media which simply publish the advertisement supplied by a covered entity.

EEOC Guidelines impose what amounts to a per se prohibition on the use of terms specifying or implying a preference for particular age group:

(P)hrases such as "age 25 to 30," "young," "College student," "recent college graduate," "boy." "girl" * * * deters the employment of older persons and is a violation of the Act * * * Such phrases as "age 40 to 50," "age over 65," **RETIRED PERSON,"** or supplement your pension," **discriminate against others within the protected group.** * * *

If the court will take the time to review Exhibit "A" the court will recognize that the defendant is in complete violation with such phrases on the brochure, **"WELCOME TO YOUR REHIREMENT," "JUST WHEN YOU FINALLY MADE IT TO THE TOP OF YOUR FIELD, IT'S TIME TO RETIRE," "TO LEARN MORE ABOUT WHAT REHIREMENT CAN DO FOR YOU," "RETIREMENT ISN'T AN END," "BUSINESSES ARE STILL DESPERATELY IN NEED OF PERSPECTIVES**

**LIKE YOURS."**

Further, under the Age Discrimination in Employment Act, Sub Section 6.07, THE PROTECTED CLASS. The defendant VIOLATES the Act to prefer workers over the age of 65 to those under 65, because such a preference is an "age" distinction that affects individuals over age 40. **This plaintiff is 50 years old.**

Generally, the statutory prohibition against "discrimination because of age" will occur if the ocvered entity utilizes facial age distinctions, makes decisions motivated by considerations of age, uses systems that perpetuate prior age distinctions, or uses systems that unjustifiably impact on particular age classes.

Under Sub Section 6.09 Generally: The Prohibitions and Defenses, "An Employer can not demand that older applicants pass objective mental tests." The defendant demanded that the plaintiff take a test. The plaintiff had already done so when she was originally hired and was being harassed to retake test that should have only been transferred in her employment records.

**The plaintiff was within a protect age group of over 40 years old, the defendant had many vacancies, the plaintiff had the qualifications and the capability of performing essential job duties, the plaintiff did not receive many jobs and the defendant continued to accept applications and persons substantially younger than the plaintiff were favored.**

Should this case see a trial she wishes to call to the attention of the defendant that in the case, "AGE MUST BE A 'DETERMINING FACTOR,' BUT PLAINTIFF

-4-

NEED NOT PROVE THAT AGE WAS "THE REASON" OR THE SOLE REASON FOR HER REJECTION." Cuddy v. Carmen, supra note 19; Golomb v. Prudential Ins. Co. of America, 688 F.2d 547 (7th Cir. 1982); Perrell v. Financeamerica Corp, 726 F.2d (10th Cir. 1984).

On a personal note, the plaintiff can't even phantom that Apple One would hand out those brochures by young office workers who allegedly lack education in Age Discrimination laws.

## CONCLUSION

The plaintiff has brought forth more evidence of Age Discrimination and wishes for this court to take this into account. At this point the plaintiff alleges that the employer is willfully partaking in the VIOLATIONS of laws. It appears to be a pattern, as they had no authority to do business in the State of Louisiana and have brought harm to me as a citizen who now resides in Louisiana.

RESPECTFULLY SUBMITTED,

*Josephine S. Lovoi*
JOSEPHINE S. LOVOI
PLAINTIFF IN PRO SE
843 AURORA AVENUE
METAIRIE, LA 70005
(504) 833-7590

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of this pleading was delivered to the legal counsel for the defendant via United States Mail, postage pre paid, hand delivered or via fax on October 16, 2000.

*Josephine S. Lovoi*

ORDER

CONSIDERING all of the above facts it is granted that the plaintiff be allowed to submitt into this case supplemental evidence on October _16_, 2000 in New Orleans, Louisiana.

_____
Senior U. S. Federal District Judge