COPY IN CHAMBERS

DEC 0 8 2000
U.S. DISTRICT COURT
Eastern District of Louisiana

FILED DEC 0 8 2000

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPHINE S. LOVOI            CIVIL ACTION
    PLAINTIFF

VS.                           CASE NO. 00-161

APPLE ONE EMPLOYMENT          SECTION "L" (4)
SERVICES
    DEFENDANT

*********************************************************************

MOTION AND MEMORANDUM FOR PERMISSION TO FILE PLAINTIFFS OBJECTION TO DEFENDANTS MOTION TO SUMMARY JUDGEMENT AND MEMORANDUM IN SUPPORT OF SUMMARY JUDGEMENT

*********************************************************************

NOW INTO COURT COMES, Josephine S. Lovoi, plaintiff in pro se who motions this court for permission to file an OBJECTOIN to defendants Motion to Summary Judgement and Memorandum in Support of Summary Judgement.

Plaintiff, Josephine S. Lovoi submitts this Motion and Memorandum, seeking that this complaint NOT BE DISMISSED and that the defendant not be granted SUMMARY JUDGEMENT. The plaintif did submit sufficient direct and indirect evidence of age discrimination by the defendant THROUGH OUT HER ENTIRE COMPLAINT, AMENDED COMPLAINTS, IN ALL PLEADINGS EVEN WHEN FURTHER DISCRIMINATION TOOK PLACE DURING THE DURATION OF DISCOVERY IN THIS CASE. "THE PLAINTIFF'S PLEADINGS AND EVIDENCE THAT WERE SUBMITTED IN THIS ENTIRE CASE SPEAK FOR THEMSELVES."

The plaintiff made all efforts to retain counsel in this case, this was not a choice by the plaintiff not to be represented. In the case of LOVOI vs. ALITALIA AIRLINES, ETAL on court transcript Judge Sear asked the plaintiff about the matter of representation and the plaintiff responded about her lack of finances THAT ATTORNEYS DEMAND FOR

DATE OF ENTRY
DEC 1 3 2000

___Fee___
___Process___
_X_ Dktd___
___CtRmDep___
Doc.No.___

-2-

REPRESENTATION and her efforts she made to contact legal aid. The plaintiff responded to Judge Sear how she infact did make efforts and because of the crime involved in many matters the law school turned her down because the administrator had his life threatened which was made publicly known via the media and reported to the FBI.

On May 4, 2000, Judge Livaudis, Jr. ORDERED the plaintiff to file an amended complaint. The plaintiff did so on May 15, 2000. THIS AMENDED COMPLAINT WAS ACCEPTABLE BY THIS TRIAL COURT.

-3-

## FACTUAL BACKGROUND

Approximately April 11, 1990 to November 20, 1990 the plaintiff worked for Apple One Employment Services in California at several different offices. The plaintiffs employment records were placed in an INACTIVE file due to the fact that she relocated back to the New Orleans area. The plaintiff was an employee of the company, she never stopped working for the company, she was merely INACTIVE. ALL EMPLOYMENT RECORDS WERE FILLED OUT PROPERLY BY THE PLAINTIFF AND PLACED ON INACTIVE. THERE WERE EMPLOYMENT RECORDS. Under the Immigration Reform and Control Act of 1986 does it state that the employee must file multiple amounts of times to prove that she is a citizen of the United States and can prove citizenship? NO. THESE FORMS WERE ALREADY FILLED OUT by the plaintiff and the employer/defendant was responsbile to keep those files. The defendant would like this court to believe that the plaintiff was a "new hire" who did not properly fill out any required forms. THE PLAINTIFF WAS AN EMPLOYEE WITH INACTIVE STATUS. ALL TEMPORARY EMPLOYMENT SERVICES CONTINUALLY PLACE EMPLOYEES AND SOMETIMES EMPLOYEES REQUESTED TO BE PLACED ON INACTIVE STATUS. That is what the plaintiff did.

When the plaintiff returned to the New Orleans area in 1990 there was no Apple One Employment Services. In the late 90's the defendant opened up a branch office in Metairie, Louisiana. The plaintiff approached the defendant for full time placement in the airline industry. The plaintiff was lied to and told that they did not do business with any airlines. The defendant has a contract with FEDERAL EXPRESS, an airline carrier that

-4-

holds a federal contract with the United States Govenment. The defendant is a SUB-CONTRACTOR for Federal Express and also a client of Federal Express. THE PLAINTIFF WAS LIED TO.

The plaintiff was forced to re fill out employment papers, which was unnecessary for all of her records were in California at the head office and just needed to be updated. The plaintiff was asked for a CURRENT RESUME which the plaintiff did infact present to the defendant. The legal counsel for the defendant FALSIFIED INFORMATION TO THIS COURT BY STATING THAT THE PLAINTIFF WOULD NOT PROVIDE THE NAMES OF PAST SUPERVISORS AND TELPHONE NUMBERS. THE PLAINTIFF DID INFACT DO SO TWICE, ON THE 2ND APPLICATION AND IN DEPOSITION.

The plaintiff alleges that the defendant tampered with evidence that was presented to this court that placed the year age of the plaintiff on the 2nd application that the plaintiff was forced to fill out.

Please Note: The defendant Apple One Employment services does have an account with Federal Express to find employees for their company, it is a local and national account. The legal counsel for the defendant falsified to this court that Federal Express does not obtain employees for the defendant. This is falsified information and the defendants bookkeepers can verify such information is false as well as payments to the defendant. The plaintiff has been denied this discovery, but has requested this via a Motion to Compel to this court for discovery.

Even though it was not necessary for this plaintiff to fill out any further employment

-5-

papers required by the defendant, she obliged Ms. Jessie Van Stubbs, only to find out what an unprofessional Ms. Van Stubbs presented herself and how she was "NEGLIGENT" in representing the defendant Apple One Employment Services. Ms. Van Stubbs did in fact called the headoffice to verify my employment with the defendnt. At the same time she failed to have copies of the plaintiff's employment records sent to her office. The plaintiff had no control of those employment records, but the defendant did and the defendant hired an individual who the plaintiff alleges misrepresented the defendant and their policies and procedures. The defendant produced copies of time sheets proving that in fact the plaintiff was their employee. The plaintiff produced a new resume for any update. The plaintiff even went as far as to sign the second employment application which alone gave the defendant consent to contact anyone for background check.

    The plaintiff never screamed at anyone, but was PROVOKED by Jessie Van Stubbs by her and her staffs UNPROFESSIONALISM as to how they mishandled the plaintiff, the employee, and the circumstances of Federal Express employment opportunities.

  Ms. Van Stubbs "PULLED ALL OF THE PAPER WORK FROM THE HANDS OF THE PLAINTIFF" which did not allow the plaintiff to complete any further paper work. Yes, the plaintiff did say she was going to go to EEOC and when Ms. Van Stubbs heard that she "LAUGHED HER WAY OUT OF THE ROOM." She certainly did imply to the plaintiff that she had no respect for EEOC. It was further implied when the defendant did not wish to partake in any mediation program that EEOC offered. As Ms. Van Stubbs

-6-

laughed her way out of the room and REALIZED that she had made a grave error and under estimated the employees right to exercise her CIVIL RIGHTS, Ms. Van Stubbs turned to the plaintiff and coyly said to the plaintiff, "COME ON JOSIE, WORK WITH ME," IMPLYING that Ms. Van Stubbs recognized her BIG MISTAKE and that the plaintiff was indeed within her rights to file a CIVIL RIGHTS VIOLATION COMPLAINT and that the plaintiff had knowledge of EEOC. The plaintiff alleges that Ms. Van Stubbs was "REALLY SLICK."

This plaintiff had fully cooperated to the best of her ability with the local staff of the defendant and it was the local staff of the NATIONAL COMPANY, APPLE ONE EMPLOYMENT SERVICES THAT WAS NEGLIGENT AND MISREPRESENTED THE DEFENDANT IN THE MOST UNPROFESSIONAL WAYS POSSIBLE.

The plaintiff presented evidence in pleadings in this case exactly how she was further being discriminated against as well as an entire group of individuals who are over the age of 40 years old. The plaintiff filed Motions in this matter and is waiting to hear back from this trial court about their decisions. The evidence was brochures that are printed by the defendant. A Copy is in this case file.

The defendants legal counsel would further like to lead this court to believe that APPLE ONE IS MEARLY A LOCAL COMPANY. THE DEFENDANT IS A NATIONAL COMPANY AND DOES BUSINESS ACROSS AMERICA WITH MANY BRANCH OFFICES AND THEY ALSO HAVE MANY SUBSIDIARIES, ONE BEING ALL IN ONE SERVICES. All In One Services implies that the defendant is associated

-7-

with this company due to the fact that there are many law suits of this nature across America in many state and federal court houses. The plaintiff has been denied of this information from request for discovery and is waiting to hear from this trial court of MOTIONS to COMPEL DISCOVERY.

This plaintiff does admit that she is completely convenienced that the legal counsel for the defendant and the defendant will go to any exteme to HIDE their VIOLATIONS of the laws and try to get away with it in any way they feel that they can do so.

The legal counsel for the defendant FALSIFIED INFORMATION of CONTRACTUAL AGREEMENT with the company Federal Express and yet REFUSE to allow the plaintiff DISCOVERY, because they know for a fact that their is CONTRACTUAL AGREEMENT and if they presented it to this court it will find them at fault not only in discrimination but will be the cause of the lose of the federal contract that Federal Express directly holds with the United States Government, because the subcontractor, APPLE ONE EMPLOYMENT SERVICES VIOLATED the ORIGINAL CONTRACT THAT FEDERAL EXPRESS IS OBLIGATED TO UPHOLD.

## DAMAGES

Mr. J. Douglas Sunser, one of the legal counsel for the defendant requested in writing of a figure for a settlement agreement. The plaintiff presented it to him. The defendant was only merely feeling the plaintiff out and toying with her so to speak and made no effort whatsoever to make any offers to the plaintiff, but yet WHEN the plaintiff responds to the Discovery the plaintiff placed full value of EMOTIONAL DISTRESS that the legal counsel and the defendant placed on this plaintiff and wants

-8-

this court to be mislead that the plaintiff's assertion of damages further demonstrates the great divide between the reality of the fact that it is OK for the defendant to VIOLATE laws and have no regard to their clients commitments to contracts that they agree to and it is OK to lie to federal courts that they can get away with it. The plaintiff placed zero's behind numbers to send a message to the defendant that this is a wake up call of how many others can sue the defendant if they feel that they can continue to VIOLATE laws.

### FALSIFICATON OF INFORMATION BY THE LEGAL COUNSEL REPRESENTING THE DEFENDANTS

The legal counsel stated, "PLEASE NOTE, MS. LOVOI NEVER RECEIVED A MONETARY SETTLEMENT NOR JUDGMENT IN SAID LITIGATIONS AGAINST HER FORMER EMPLOYERS: DELTA AIRLINES, DILLARD'S DEPARTMENT STORE." When in fact, the plaintiff settled out of court with Delta Airlines and Dillard Department Store offered the plaintiff settlement of which the this plaintiff declined.

This plaintiff has seen MUCH discrimination in the work place and it goes on day after day in MANY, MANY businesses, that is why RISK MANGEMENT COMPANIES are in business for companies such as the defendant who VIOLATES laws every day and believe that they VIOLATE the CIVIL RIGHTS of individuals and walk away with it guilt free. This is the year 2000, the defendant needs to reevaluate their policies and procedures and perhaps consider cleaning house of employees who misrepresent them negligently.

Further, the legal counsel wishes to call to the attention of this court laws suits that

-10-

DO NOT PERTAIN TO THIS CASE OF DISCRIMINATION, but the plaintiff sees it merely as a form of further discrimination and harassment by the legal counsel who represent the defendant and a MAJOR FORM OF RETALIATION, which is another form of DISCRIMINATION. The plaintiff is not embarassed with the legal counsels immature and illegal acts of harassment and retaliation. The plaintiff has told the truth in any papers that have been presented to a court of law. A recent poll was taken in the State of Louisiana where the plaintiff resides, the poll tallied 40% of the Citizens of the State of Louisiana would leave the State of Louisiana based on CORRUPTION ALONE. The plaintiff alleges that the defendant has participated in corruption and in pass pleadings by the defendant was PERPLEXED as to how this simple discrimination case (finally admitted by the defendant) has turned into criminal issues.

On November 8, 2000, in the conference room of Judge Fallon instructions were given to this plaintiff to place the issues into the proper jurisdictions hands. The plaintiff followed the instructions wherefore, the defendant is now being investigated for involvement in criminal activity. We want to thank Judge Livaudais and Mr. J. Douglas Sunseri for surfacing the facts about crime that the defendants are involved in and we want to assure this court that the proper jurisdictions have been contacted appropriately.

This plaintiff is not an attorney but is making all efforts to represent herself and defend her civil rights that have been denied to her via VIOLATIONS of the law by her employer, the defendant. The plaintiff alleges that this court completely understands what this plaintiff is going through, the adverse affects.

-11-

The plaintiff is in a PROTECTIVE CLASS being over the age of 40 years old. The plaintiff is 50 1/2 years old. The plaintiff has proven through out this case that the plaintiff did in fact proved a PRIMA FACIA CASE.

The plaintiff made it known to this court that she is a U. S. Witness, she feels that she is being further HARRASSED and RETALIATED against by the defendant for participating in investigations, now especially so because the plaintiff has reported the allegations of crime to the proper jurisdictions and that the defendants are involved in it.

The plaintiff, Ms. Lovoi is a PRO SE litigant and her pleadings are to be liberally construed. Barksdale vs. King, 699 F.2d 744, 746 (5th Cir. 1983). Pro Se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Miller vs. Stanmore, 636 F. 2d 986, 988 (5th Cir. 1981). A pro se plaintiff's complaint is to be dismissed pursuant to a motion to dismiss for failure to state a claim ONLY IF IT APPEARS BEYOND DOUBT THAT THE PLAINTIFF CAN PROVE NO SET OF FACTS IN SUPPORT OF HIS CLAIMS WHICH WOULD ENTITLE HIM TO RELIEF. Barksdale, 699 F. 2d at 746. THE PLAINTIFF HAS STATED A CLAIM UNDER THE ADEA. The plaintiff has furnished evidence and circumstantial evidence throughout the court case.

The defendant's management, Ms. Van Stubbs acted in "mean spirit" when she defamed the plaintiff to other employees in the company in her office and in the main office by defaming the plaintiffs character. Ms. Van Stubbs behavior with the plaintiff was unprofessional and inexcusable.

-12-

## CREDIBILITY

Ms. Van Stubbs showed in previous evidence that she was capable of allegedly "covering her a_ _" so to speak when she sent a memo to the head office to try and cover up the problems that she and her staff caused for this plaintiff and the defendant.

This plaintiff has stated true facts in any litigation that she has been involved with. Further, the defendant has all legal rights to protect the violations of her civil rights, no matter who believes that they have a right to violate them and that would include any of the individuals cited in any case that this plaintiff has filed any law suit against, which is still under investigations.

APPLE ONE EMPLOYMENT SERVICES is in VIOLATIONS of laws that go beyond the discriminination complaint that this plaintiff has filed in this court. If the defendant was so concerned about expending a great amount of money then they should not VIOLATE laws and believe that they can get away with it. Further, the plaintiff alleges that the defendant stands to gain financially by intentionally violating laws and participate with those who also are in violation. So, to pay an attorney to TRY and get them out of their problems is CHEAP compared to the financial gain that they stand to loose by not violating laws. Hence, in the circle of the defendant, MONEY LAUNDERING is the name of the game and that laundered money pays for the attorneys fees to represent companies such as the defendants.

Based on the foregoing, the plaintiff, Josephine S. Lovoi respectfully request this Honorable Court to grant permission to file plaintiff's Objection to defendants Motion

-13-

To Summary Judgement and Memorandum in Support of Summary Judgement. Further, this plaintiff has articulated discriminatory and legitimate reasons of why the defendant has discriminated against this plaintiff for employment.

RESPECTFULLY SUBMITTED,

*Josephine S. Lovoi*

JOSEPHINE S. LOVOI
PLAINTIFF IN PRO SE
843 AURORA AVENUE
METAIRIE, LA 70005
(504) 833-7590

CERTIFICATE OF SERVICE

I do hereby certify that a copy of this pleading has been given to the legal counsel for the defendant via U. S. Mail, postage prepaid, via fax or hand delivered on December 8, 2000.

*Josephine S. Lovoi*

ORDER

CONSIDERING THE FOREGOING ~~pleading~~ the plaintiff is GRANTED ~~to file a Motion~~ for Permission to File Plaintiffs Objection to Defendants Motion to Summary Judgement and Memorandum in Support of Summary Judgement, on December 6, 2000, in New Orleans, LA.

_____
UNITED STATES DISTRICT JUDGE

Notice of Hearing on _____, 2000 at