

**MINUTE ENTRY**
**ROBY, M.J.**
**December 19, 2000**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSEPHINE S. LOVOI** | **CIVIL ACTION** |
| **VERSUS** | **NO: 00-0161** |
| **APPLE ONE EMPLOYMENT SERVICES** | **SECTION: "L" (4)** |

Before the Court for its consideration are two motions filed by the plaintiff. On November 13, 2000, the plaintiff filed a **Motion to Compel Defendants to Forward Answers to Interrogatories and Production of Documents (doc. # 69)** contending that the defendant, Apple One Employment Services ("defendant") has failed to respond to the plaintiff's Interrogatories and Requests for Production of Documents.

The plaintiff's motion was set for hearing on November 29, 2000. However, on November 21, 2000, the plaintiff filed a **Motion Requesting a Phone Conference to Compel Answers to Interrogatories and Production Request**, in which she concedes that the defendant served responses to her discovery requests, but alleges that the responses are "not acceptable." The plaintiff requests that the Court conduct a telephone conference to resolve the defendant's "unacceptable" responses.

The defendant objects to the plaintiff's Motion to Compel on two grounds: (1) it has

DATE OF ENTRY
DEC 20 2000



sufficiently responded to the plaintiff's discovery requests, thereby rendering the instant motion moot; and (2) the plaintiff failed to conduct the requisite Rule 37.1 discovery conference to discuss the alleged dispute.

I.   **Factual Background**

Plaintiff Josephine S. Lovoi (" plaintiff"), appearing *pro se*, filed suit against Apple One Employment Services ("defendant") under the Age Discrimination in Employment Act ("ADEA"). The plaintiff alleges that on September 28, 1999, the defendant's Metairie, Louisiana office denied her employment because of her age.[1] She further alleges that it is the defendant's practice to not hire anyone who is over the age of 40.

On or about September 9, 2000, the plaintiff propounded Interrogatories and Requests for Production of Documents to the defendant. Subsequent to the filing of the plaintiff's Motion to Compel, the defendant served responses. The plaintiff now challenges the sufficiency of those responses.

II.   **Analysis**

A.   **Procedural Defect**

The defendant contends that the Court should deny the plaintiff's Motion to Compel, because she failed to comply with Local Rule 37.1. Local Rule 37.1 requires that:

> No motion relative to discovery **shall** be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party shall arrange the conference.

---

[1] *See* Rec. doc. #1, EEOC statement attached to plaintiff's complaint.

*See* Local Rule 37.1 (emphasis added).

The Court notes that the plaintiff failed to attach a Rule 37.1 Certificate to either of her motions. However, to deny the plaintiff's motion on procedural grounds, without addressing the merits, would simply result in the filing of an identical motion for the Court's consideration. The Court will therefore proceed with a review of the merits of the motion.

### B. Adequacy of Responses

The plaintiff does not specify which responses she alleges are inadequate or why she contends they are inadequate. However, the Court, upon its review of the respective pleadings, finds that the defendant's responses to Interrogatory No. 5 and Request for Production No. 3 are inadequate.

#### 1. Interrogatory No. 5

Interrogatory No. 5 requests that the defendant identify each having knowledge of the facts relating to any of allegation set forth in the plaintiff's complaint and for each individual state the facts to which that individual has knowledge.

In response, the defendant provided a list of individuals having knowledge of the relevant facts. It however did not provide a brief summary of the information within the respective individual's knowledge. This information is clearly relevant and discoverable. *See* FED. R. CIV. P. 26(a)(1)(a) (without awaiting a discovery request, a party shall provide the name of each individual likely to have information relevant to the disputed facts and the subjects of the information).

The plaintiff's request for an order compelling the defendant to provide a full response to Interrogatory No. 5 is **GRANTED**. The defendant shall supplement its response to Interrogatory

3

No. 5, **no later than January 10, 2001**.

### 2. Request for Production No. 3

Request for Production of Documents No. 3 seeks documents reflecting the number of individuals over the age of 40, who have previously been hired by or are currently employed by the defendant. The defendant objected to the request as being irrelevant, overly broad and unduly burdensome, in so much as it seeks information concerning persons not similarly situated to the plaintiff and is not limited in time.

The Court finds that statistical evidence reflecting the number of individuals over the age of 40, who have been hired by the defendant in the past, is relevant to show the defendant's motive, intent or purpose. *See Carey v. Greyhound Lines, Inc.*, 380 F.Supp. 467, 472 (E.D. La. 1973), *rev'd in part on other grds*, 500 F.2d 1372 (5th Cir. 1974)(statistical evidence of pattern or practice of discrimination in employment is relevant in individual disparate treatment case for purpose of showing motive, intent, or purpose). *See also Jackson v. Alterman Foods,* No. 83-2341, 1984 WL 178902, *1 (N.D. Ga. Sept. 19, 1984) (granting motion to compel statistical information based upon finding that information is relevant to charge of age discrimination"). The plaintiff's request for an order compelling the defendant to produce documents responsive to Request for Production of Documents No. 3 is therefore **GRANTED**.

However, the production shall be limited in time and scope to offices owned or operated by the defendant in the State of Louisiana for the five years prior to the alleged discrimination or from September 1994 through September 1999. *See Cormier v. PPG Industries, Inc.*, 452 F.Supp. 594 (W.D. La. 1978)(discovery of statistical evidence properly limited to period commencing five years prior to effective date of plaintiff's claim). Within the restrictions

provided, the defendant shall make full production, **no later than January 10, 2001**.

Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiff's **Motion to Compel Defendants to Forward Answers to Interrogatories and Production of Documents (doc. # 69)** is hereby **GRANTED IN PART and DENIED IN PART** as follows:

1) The plaintiff's request for an order compelling the defendant to provide a full response to Interrogatory No. 5 is **GRANTED**. The defendant shall provide a full and complete response to **Interrogatory No. 5, no later than January 10, 2001**.

2) The plaintiff's request for an order compelling the defendant to produce documents responsive to Request for Production of Documents No. 3 is **GRANTED**. The Court's order, however, is limited in time and scope to offices owned or operated by the defendant in the State of Louisiana for the five years prior to the alleged discrimination or from September 1994 through September 1999. Subject to the restrictions provided, the defendant shall produce all documents responsive to **Request for Production of Documents No. 3, no later than January 10, 2001**.

3) With respect to all other Interrogatories and Requests for Production of Documents not specifically enumerated above, the plaintiff's motion is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's November 21, 2000 **Motion Requesting a Phone Conference to Compel the Answers to Interrogatories and Production Request** is hereby **DENIED AS MOOT**.

```
_____
    KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE
```

5