FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JAN -5 AM 10: 58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPHINE S. LOVOI | * | CIVIL ACTION |
| VERSUS | * | NO. 00-161 |
| APPLE ONE EMPLOYMENT SERVICES | * | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the following reasons, defendant's motion is GRANTED.

### I. BACKGROUND

Plaintiff Josephine Lovoi ("Lovoi"), appearing *pro se*, claims that defendant Apple One Employment Services ("Apple One") denied her employment opportunities because of her age. Lovoi first sought employment with Apple One Employment Services on April 11, 1990 at its Manhattan Beach, California location. She worked nine temporary assignments until approximately November 20, 1990 when she ceased contact with Apple One. On February 17, 1999, Lovoi returned to Apple One at its Metairie, Louisiana location to seek employment with the airline industry. She registered and completed an employment application although she believed that she was still an employee of the company and that her file was inactive.

On September 23, 1999, Lovoi returned to Apple One to inquire about a job with Federal Express which she had seen advertised in a local newspaper. Apple One's executive Carson Satter explained that the position was not available through Apple One but that she would assist Lovoi if possible. Lovoi returned to Apple One on September 28, 1999 to meet with Apple One's

DATE OF ENTRY

JAN - 5 2001

area manager, Jessie Stubbs, because Satter was not available. Stubbs asked Lovoi to complete several forms required of Apple One applicants, but Lovoi refused because she believed that the information had already been provided. During this meeting, Lovoi apparently stated that she intended to file a claim against Apple One for age discrimination.

Lovoi claims that she was denied employment opportunities on the basis of her age because Apple One hires only individuals under the age of forty and misleads older applicants into believing that they are being considered for temporary and full time employment positions. *See* Compl. ¶ 3. She further explains that she was denied interviews and other opportunities for employment because of her age. *See id.* Apple One responds that it did not discriminate against Lovoi on the basis of age or any other impermissible basis and that Lovoi failed to complete the materials required by Apple One for employment referral.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). "[A] dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine issue exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

Therefore, "the mere existence of some factual dispute will not defeat a motion for summary judgment; Rule 56 requires that the fact dispute be genuine and material." *Willis*, 61 F.3d at 315.

The burden of demonstrating the existence of a genuine issue is not met by "metaphysical doubt" or "unsubstantiated assertions." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Matsushita*, 475 U.S. at 588). The Court must "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contrary facts." *Id.* The Court does not, "in the absence of proof, assume that the nonmoving party could or would prove the necessary facts." *Id.* If the evidence leads to only one reasonable conclusion, summary judgment is proper. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

### III. ANALYSIS

The Age Discrimination Employment Act ("ADEA") prohibits an employer from "fail[ing] or refus[ing] to hire or . . . [from] discharg[ing], or otherwise discriminat[ing] against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 632(a)(1). To succeed on a claim for age discrimination, the plaintiff first must establish a prima facie case of discrimination. *See Reeves v. Sanderson Plumbing Products, Inc.*, 120 S.Ct. 2097, 2105 (2000). The plaintiff meets her burden of demonstrating a prima facie case of age discrimination by showing (1) that she is a member of a protected class; (2) that she was otherwise qualified for the position; (3) that she was denied the position by the defendant; and (4) that she was either replaced by someone outside the protected class, replaced by someone younger, or otherwise not hired because of age. *See id.*; *Brown v. Bunge Corp.*, 207 F.3d 776, 781 (5th Cir. 2000) (citing *Bodenheimer v. PPG*

3

*Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)).

Lovoi's claim does not satisfy the elements of a prima facie case of age discrimination. To meet her initial burden, she must show that her age "actually played a role in [the employer's decisionmaking] process and had a determinative influence on the outcome." *See Reeves*, 120 S.Ct. at 2105 (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993)). While Lovoi's undisputed age makes her a member of a protected class, she fails to demonstrate how her age was used by Apple One to deny her employment. Lovoi raises no genuine issue of material fact as to the denial of employment opportunities on the basis of age. She offers allegations of age discrimination without any evidentiary support. Factual disagreements alone cannot overcome summary judgment. *See Little*, 37 F.3d at 1075.

Even if the plaintiff could establish a prima facie claim of age discrimination, summary judgment is appropriate because the defendant offers a legitimate, nondiscriminatory reason for choosing not to hire her. *See Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 255, 101 S. Ct. 1089, 1094, 67 L. Ed.2d 207 (1981). Apple One explains that it did not hire Lovoi because she failed to complete paperwork required of all Apple One applicants. Because Apple One offers a nondiscriminatory reason for not hiring Lovoi, the focus then shifts to the ultimate question: whether the plaintiff can prove that the defendant intentionally discriminated against her. *See id.* The plaintiff, therefore, "retains the ultimate burden of persuasion throughout the case." *Faruki v. Parsons S.I.P., Inc.*, 123 F.3d 315, 319 (5th Cir. 1997) (citing *Burdine*, 450 U.S. at 253, 101 S. Ct. at 1093).

Lovoi may overcome Apple One's proffered nondiscriminatory reason by providing evidence that its legitimate, nondiscriminatory reason is merely pretext. *See St. Mary's*, 509 U.S.

4

at 511, 113 S. Ct. at 2749. She can meet her burden of demonstrating pretext "if the evidence taken as a whole (1) creates a fact issue as to whether each of the employer's stated reasons was what actually motivated the employer and (2) creates a reasonable inference that [the plaintiff's protected status] was a determinative factor in the actions of which plaintiff complains." *Vadie v. Mississippi State Univ.*, 218 F.3d 365, 374, n.23 (5th Cir. 2000). Lovoi, however, offers no evidence to suggest that Apple One's proffered reason is a pretext for age discrimination. Accordingly, summary judgment is appropriate for Apple One.

## IV. CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is GRANTED, and plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

Done this 4 of January, 2001
New Orleans, Louisiana

UNITED STATES DISTRICT JUDGE

5