Case 2:00-cv-00161-EEF   Document 112   Filed 01/08/2001   Page 1 of 7

U.S. DISTRICT COURT
Eastern District of Louisiana

FILED   JAN 8 2001

LORETTA G. WHYTE
Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPHINE S. LOVOI<br>    PLAINTIFF | CIVIL ACTION |
| VS. | NO. 00-161 |
| APPLE ONE EMPLOYMENT SERVICES | SECTION "L" (4) |

**PLAINTIFF OBJECTS TO ORDER AND REASONS**

NOW INTO COURT COMES, Josephine S. Lovoi, plaintiff in pro se who objects to

The order and reasons which wrongfully dismissed this complaint by this court.

1. The plaintiff was not allowed to have a Motion to Stay. This case was forced to go forward by Judge Livaudais and Judge Fallon.

2. Judge Fallon refused to reread the motions that were placed in front of the original judge in this case, Judge Livaudais. Judge Livaudais recused himself when he recognized he had made grave errors and that they were being pointed out to him.

3.) This wrongful dismissal of this complaint is an insult to the plaintiff's intelligence As well as federal agency employees who are working on investigations that were directed to them via instructions to this plaintiff to place issues in the proper jurisdiction. The plaintiff did so. The plaintiff cannot make these jurisdictional agencies work any faster than what they are already doing so. Judge Fallon knows this and should have honored a Motion to Stay until these investigations were completed. This plaintiff questions Judge Fallon's discretion and decision to close this case as fast as he did.

4.) Judge Fallon based everything on "AGE." It appears that Judge Fallon did not read Exhbit "A" or question it, or allow the OFCCP to do their job or he would have re-Cognized that the plaintiff is covered under the AMERICANS WITH DISABILITIES ACT because of her HIGH BLOOD PRESSURE. Instead, the plaintiff alleges that Judge Fallon aided and abetted the defendants in their crime and BREACH of CONTRACT as it was pointed out on page two of Exhibit "A." The OFCCP is not turning THEIR heads to a BREACHED CONTRACT, but Judge Fallon is.

5.) Judge Fallon knew that CRIME was WRITTEN all over this case. The plaintiff pointed it out over and over. The plaintiff was forced by this court to keep it as a civil case when in fact it should have been classified as a criminal case. The plaintiff questions why Judge Fallon knew of the crime, instructed the plaintiff to place matters "herself" into jurisdictions and yet Judge Fallon did nothing to report the crime himself or have it looked into by authorities other than himself. Judge Fallon is not above the law. IT IS A FEDERAL FELONY TO KNOW OF CRIME AND NOT REPORT IT. The plaintiff alleges that Judge Fallon aided and abetted this crime.

___Fee___
___Process___
_X_ Dktd
_X_ CtRmDep
___Doc.No.___

6.) The plaintiff did meet the criteria of a PRIMA FACIA case and it was stated so by Judge Livaudais in THIS CASE. It appears that perhaps Judge Fallon just didn't read what all Judge Livaudais took the time to point out. Now there are two Federal Judges decisions in one case and they contridict each other in the same case.

7.) All paper work was completed by the plaintiff for the defendant. Apple On's policies and procedures do not state that an employee has to keep re-filling out paper work. The original papers are in California and only needed to be transferred. THE RECORDS FOLLOW THE EMPLOYEE. On top of it how could any further records be completed when they were PULLED OUT OF THE PLAINTIFFS HANDS. The plaintiff was the only employee over the age of 40 years old in the entire Metairie office that was forced to re-fill out paper work. Judge Fallon never asked to see the paper work and made assumptions. Therefore, he cannot make a decision on just what the defendants are claiming. This court did not request all of those papers.

The plaintiff alleges other facts in this wrongfully and maliciously dismissal of this complaint.

1.) Judge Fallon was fully aware that this case was a CRIMINAL CASE.

2.) Judge Fallon was made aware via pleadings that the plaintiff was going to call as witness Eddie Jordan, Jr., U. S. Attorney and Charles Mathews, Special Agent in charge of the FBI in New Orleans. Judge Fallon OBSTRUCTED JUSTICE by maliciously and wrongfully dismissing this case. Whereas, to aid and abet crime that these two individuals participated in.

3.) Judge Fallon was further made aware via request of Document Deposition that Judge Parker, Judge Polozola, Bill Boyd and Tom Brosig were asked for documents, evidence. Had the plaintiff been allowed to receive these documents in a judicial way this would have shown more crime. This was evidence. The plaintiff alleges that Judge Fallon tampered with this. Judge Fallon OBSTRUCTED JUSTICE and aided and abetted crime.

-3-

4.) Judge Fallon was advised throughout this case how Jim Letten falsified information to this court and how the defendants legal counsel falsified information to this court and made not efforts whatsoever to correct any issues and leff the appearance that he did not care. SEE EXHibiT "B."

## CONCLUSION

Judge Fallon allegedly has participated in criminal activity and was used as a tool Inorder to aid and abet criminal activity that is on going. It was his own instructions to Have issues investigated under other jurisdictions. The plaintiff questions as to whether He made the decision by himself or was he persuaded to do so? The plaintiff further alleges that Judge Fallon is MALPRACTISING LAW for the betterment of criminal activity.

RESPECTFULLY SUBMITTED,

*Josephine S. Lovoi*

JOSEPHINE S. LOVOI
PLAINTIFF IN PRO SE
843 AURORA AVENUE
METAIRIE, LA 70005
(504) 833-7590

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of this pleading was served on the defendants legal counsel via U.S. Mail, postage prepaid, or via fax or hand delivered on January 8, 2001.

*Josephine S. Lovoi*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA



JOSEPHINE S. LOVOI          CIVIL CASE
    PLAINTIFF

VS.                         CASE NO. 00-161

APPLE ONE EMPLOYMENT        SECTION "L" (4)
SERVICES
    DEFENDANT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
MOTION AND MEMORANDUM REQUESTING THAT THIS COURT
ORDER THE DEFENDANT TO CEASE BUSINESS OPERATIONS IN AMERICA
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NOW INTO COURT COMES, Josephine S. Lovoi, plaintiff in pro se who Motions that this court ORDER the Defendant, Apple One Employment Services to cease business operations of all of their business offices in America.

The defendant, Apple One Employment Services is the VENDOR and SUB-CONTRACTOR of many, many companies that do business in America that hold U. S. FEDERAL CONTRACTS WITH THE UNITED STATES GOVERNMENT.

The defendant, specializes in "EMPLOYMENT SERVICES." The UNITED STATES GOVERNMENT has "STRICT" rules that an OFFICE OF FEDERAL CONTRACT COMPLIANCE CONTRACTOR must follow as well as "ANY" SUB-CONTRACTOR of which the defendant is contracted with.

The OFCCP rules that a contractor and sub-contractor are "OBLIGATED" to follow are Executive Order 11246, also Section 503, the Americans with Disabilities Act (ADA) and the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (38USC 4212) (VEVRA)-Veterans are also protected by 38 USC 4212, of the Vietnam-era Veterans's Readjustment Act of 1974, as amended.

EXHIBIT "A"

-2-

Not only has the defendant demonstrated their lack of NON-COMPLIANCE of these federal laws and how it is associated with FEDERAL CONTRACTORS receiving FEDERAL FUNDS to operate a business in America they further have the NERVE to allegedly participate in "CRIMINAL ACTIVITY" with hope that the courts and the OFCCP will turn their heads and look the other way.

The defendant, Apple One Employment Services operates under **NEGLIGENT MISREPRESENTATION.** One small example of that matter is when they located their business operation in Metairie, Louisiana and DID NOT BOTHER TO REGISTER TO DO BUSINESS WITH THE STATE OF LOUISIANA. Any reasonable person who manages a business knows for a fact that you must register your business in the State that you are doing business with. The plaintiff alleges that the defendant once again misrepresented themselves, hung their shingle out for business and proceeded to take advantage of those in this community who were under the belief that they were a professional company, who specialized in employment at all levels. When in fact, the opposit occured.

This plaintiff alleges that if in any one of the offices set up by the defendant in any State in America that they do business NOT ONE OF THEIR EMPLOYEES can receit a law under the EEOC and OFCCP. What the plaintiff does allege is that they do rehearse employees and management on how to be defensive when a knowledgeable employee expresses their rights under these laws and refuses to partake of the company's discrimination practices.

-3-

Apple One has demonstrated their lack of responsibility to respect American Labor Laws or to respect what their clients (OFCCP CONTRACT RECEIPIENTS) are "OBLIGATED" to adhere to inorder to receive Federal Funds from the United States Government inorder to operate a business. Mr. J. Douglas Sunseri made it very clear in the deposition that he took from the plaintiff that "NO ONE" was going to tell this defendant how to run its business. The plaintiff told the legal counsel for the defendant that he was incorrect. This further demonstrated that the defendant's legal counsel also was not going to adhere to "ANY" laws or rules that his client was obligated to follow. The plaintiff made an effort to read the law to the legal counsel while in deposition. Mr. Sunseri left the impression in this plaintiff's mind that his clients were ABOVE THE LAWS.

## CONCLUSION

Taking into context all that has been pointed out in this entire case and in this pleading the defendant should not be allowed to do business in America and should be ORDERED to CEASE BUSINESS OPERATIONS IMMEDIATELY.

RESPECTFULLY SUBMITTED,

JOSEPHINE S. LOVOI
PLAINTIFF IN PRO SE
843 AURORA AVENUE
METAIRIE, LA 70005
(504) 833-7590

§ 8.05                    STATUTES OF BROAD COVERAGE                    621

WESTLAW REFERENCES
42 /5 1985(3) /s "great american" /s novelty

## § 8.04  42 U.S.C.A. § 1985(2)

Section 1985(2) of Title 42 is also a conspiracy statute. It prohibits conspiracies to injure persons because they participated as parties or witnesses in federal court proceedings. Section 1985(2), unlike § 1985(3), requires no "class-based animus." If any two persons conspire to injure a person because of such participation, a violation will be established. The conspiracy need not be premised upon the race, ethnic origin, sex, age, or other classification of the participant.[46]

However, to the extent that federal statutes provide a remedy for such retaliation, as do Title VII, the Age Discrimination in Employment Act, and the Equal Pay Act, it is not clear whether § 1985(2) provides an independent basis for recovery."[46]

"EXHIBIT B"